# Gardner, Appellant, *v.* Philadelphia.

*Negligence—Municipality—Sidewalk—Slippery pavement—Nonsuit.*

In an action against a city to recover damages for personal injuries sustained by a fall on an icy pavement a nonsuit is properly entered where the evidence shows that the plaintiff's heel was caught and his foot turned in a circular or curved rut, and that the rut had apparently been made by a push cart in soft snow or slush, later frozen hard, and then covered with an inch or two of fresh snow that had fallen the same morning.

Argued March 23, 1908. Appeal, No. 401, Jan. T., 1906, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1905, No. 2,212, refusing to take off nonsuit in case of Richard Gilpin Gardner v. City of Philadelphia. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries caused by a fall on an icy pavement. Before BEITLER, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John R. K. Scott*, for appellant.

*Harry T. Kingston*, with him *James Alcorn*, assistant city solicitors, and *J. Howard Gennell*, city solicitor, for appellee.

Per Curiam, May 11, 1908 :

Plaintiff walking down Pine street in the city of Philadelphia fell on the icy pavement.    Examination showed a circular or curved rut in which his heel caught and his foot was turned.    It was apparently made by a push cart in the soft snow or slush, later frozen hard and then covered with an inch or two of fresh snow that had fallen that morning.    It was one of the most dangerous conditions that occur for pedestrians, but a condition incident to city pavements in our variable winter weather, and there was no evidence that the city had actual notice of it, or that it had been there long enough for notice to be implied.

Judgment affirmed.